1  Anna Y. Park, CA SBN 164242
   U.S. EQUAL EMPLOYMENT
2  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
3  Los Angeles, CA 90012
   Telephone:  (213) 894-1080
4  Facsimile:  (213) 894-1301
   E-Mail:  lado.legal@eeoc.gov
5
6
   Attorney for Plaintiff
7  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
8
9              **UNITED STATES DISTRICT COURT**
10            **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  U.S. EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION, | Case No.:  **'13 CV 2062 MMA WVG** |
| 13 | |
| 14        Plaintiff, | **COMPLAINT - CIVIL RIGHTS;** <br> **EMPLOYMENT DISCRIMINATION** |
| 15        vs. | (42 U.S.C. §§ 2000e et seq. and 12101, et <br> seq.) |
| 16  KAISER FOUNDATION HOSPITALS, aka | |
| 17  KAISER PERMANENTE, AND DOES 1-10, <br> INCL. | **JURY TRIAL DEMAND** |
| 18        Defendant(s). | |
| 19 | |
| 20 | |
| 21 | |

22              **NATURE OF THE ACTION**

23      This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and

24  Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of

25  disability and to provide appropriate relief to David Grandin, the Charging Party, who was

26  adversely affected by such practices.  Plaintiff U.S. Equal Employment Opportunity

27  Commission ("EEOC") alleges that Defendants Kaiser Foundation Hospitals aka Kaiser

28

Permanente ("Defendant Kaiser") and DOES 1-10 ("Defendants") denied David Grandin a reasonable accommodation and subjected him to adverse employment actions of administrative leave without pay and termination on the basis of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3.      Plaintiff, the U.S Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant Kaiser has continuously been a California corporation doing business in San Diego County, State of California, and continuously had at least 15 employees.

5.      At all relevant times, Defendant Kaiser has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42

U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

12.    At all relevant times, Defendants were a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

13.    Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.  Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

14.    On November 3, 2008 more than thirty (30) days prior to the institution of this lawsuit, David Grandin filed a charge of discrimination with the Commission alleging that Defendants violated Title I of the ADA.  In November 2008, The EEOC sent a copy of the charge to Defendant Kaiser.

15.    Prior to the institution of the lawsuit, the Commission investigated the charge in various ways, including obtaining Defendant Kaiser's response to the charge, requesting and obtaining documents from Defendant Kaiser, and by interviewing witnesses such as its employees.

16.    Prior to the institution of this lawsuit and after its investigation, the Commission issued in August 2012 a Letter of Determination to Defendants finding reasonable cause to

believe that David Grandin was discriminated against because of his disability by placing

Grandin on administrative leave, denying a reasonable accommodation, and by discharging him.

17.     Prior to the institution of this lawsuit, the Commission's representatives

attempted to eliminate the unlawful employment practices alleged below and to effectuate

Defendants' voluntary compliance with Title I of the ADA through informal methods of

conciliation, conference, and persuasion.  The EEOC sent a written conciliation proposal to

Defendant Kaiser.  The EEOC held a conciliation conference with Defendant Kaiser.  The

parties were not able to resolve the charge through conciliation.

18.     Prior to the institution of this lawsuit, all conditions precedent were satisfied.

### STATEMENT OF CLAIMS

19.     Since at least 2008, Defendants have engaged in unlawful employment practices

in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b).

20.     At all relevant times, David Grandin is disabled within the meaning of the ADA.

He has an actual and a record of the impairment of hydrocephalus, which involves the abnormal

accumulation of cerebrospinal fluid in the brain.  His impairment substantially limits major life

activities, including but not limited to the major life activity of learning.

21.     On or about June 23, 2008, Defendant Kaiser hired David Grandin for its Food

Service Worker 1 position at its San Diego Medical Center facility.

22.     Grandin's job duties as a Food Service Worker included assembling food service

items for patients, delivering food items to patients, and stocking food supplies at stations

throughout the hospital.

23.     After Grandin began his employment, Defendant Kaiser's management thought

that Grandin had difficulties learning and performing his job duties.  Defendant Kaiser's

management thought that he was slow in performing his duties and that he could not stock food supplies at stations throughout the hospital because he would get lost.

24.     During his employment, Defendant Kaiser's management became aware that he had a medical condition, hydrocephalus, which caused him to have difficulties with memory, dizziness, concentration, and focusing.

25.     In early July 2008, Department Administrator Beth Bernsten met with Grandin and told him that he was not meeting performance expectations.  Grandin requested the accommodation of additional training to do his job duties.  Defendant Kaiser failed to provide the training which effectively addressed his disability for Grandin to perform his job duties.

26.     In early August 2008, Grandin requested the reasonable accommodation of a temporary job coach from outside the hospital so that he could learn to perform his job duties. Grandin wanted the assistance of Nick Pelosi, a job coach from Toward Maximum Independence ("TMI").

27.     At all relevant times, TMI is a non-profit organization which specializes in assisting disabled individuals, including those with mental and physical developmental disabilities, in finding and sustaining employment through job coaching.  Defendant Kaiser would not have to pay for TMI's services of providing a job coach to assist Grandin.

28.     Defendant Kaiser failed to engage in an interactive process with Grandin or TMI to determine how a temporary job coach could be a reasonable accommodation to help him perform his job duties.  Instead, Defendant Kaiser denied Grandin's request for a reasonable accommodation of a temporary job coach.

29.     A job coach would have been effective in addressing Grandin's disability so he could perform his job duties.  A job coach form TMI would be trained and experienced in

understanding Grandin's learning style and ability and would be able to design a training program which would have been effective in teaching Grandin how to perform his job duties.

30.     Without providing to Grandin the training that was effective in addressing his disability so he could do his job, Defendant Kaiser subsequently placed Grandin on administrative leave and then terminated his employment on or about August 18, 2008.

31.     At all relevant times, Grandin is a qualified individual able to perform the essential functions of Defendant's Food Service Worker position with or without reasonable accommodation .

32.     In violation of 42 U.S.C. § 12112(a), Defendants discriminated against David Grandin on the basis of his disability when they failed to provide a reasonable accommodation to Grandin's known limitations.  Defendants failed to provide effective training, failed to engage in an interactive process with respect to having a job coach help Grandin, and refused to provide him with the reasonable accommodation of a job coach.  Defendants further discriminated against Grandin when Defendants placed Grandin on administrative leave and terminated Grandin on or about August 18, 2008 because of his disability.

33.     The effect of the practices complained as described in paragraphs 19 through 32 have been to deprive Grandin of equal employment opportunities.

34.     The unlawful employment practices as described in paragraphs 19 through 32 were intentional.

35.     The unlawful employment practices as described in paragraphs 19 through 32 were done with malice or with reckless indifference to Grandin's federally protected rights.

//

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.      Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.      Order Defendants to make whole David Grandin by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.      Order Defendants to make David Grandin whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.      Order Defendants to make David Grandin whole by providing compensation for non-pecuniary losses resulting from the unlawfu! employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order Defendants to pay David Grandin punitive damages for their malicious and/or reckless conduct as described above in an amount to be determined at trial.

G.      Award the Commission its costs of this action.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: September 3, 2013

ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION