# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>   vs.<br><br>KAISER FOUNDATION HOSPITALS, aka KAISER PERMANENTE, AND DOES 1-10, INCL.,<br><br>   Defendant(s) | Case No.: 3:13-CV-02062-MMA-WVG<br><br>**CONSENT DECREE AND ORDER**<br><br>[Doc. No. 23] |

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendant Kaiser Foundation Hospitals (referred to herein as "Kaiser" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title I of the American with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991. The EEOC's complaint alleges that Defendant denied Charging Party David Grandin a reasonable accommodation and subjected him to adverse employment actions of administrative leave without pay and termination on the basis of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B. The Parties have entered into the Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;

2. To ensure that Defendant's employment practices comply with federal law;

3. To ensure a work environment free from disability-based discrimination and retaliation;

4. To ensure training for Defendant's managers and employees with respect to the law against disability-based discrimination and any subsequent retaliation;

5. To provide an appropriate and effective mechanism for handling complaints of disability-based discrimination and/or retaliation in the workplace; and

6. To avoid expensive and protracted costs incident to this litigation.

C. The geographic scope of this Decree shall be all of Defendant's facilities within the San Diego Service Area unless otherwise noted. The San Diego Service Area is defined in Attachment B to this Decree. Defendant's Southern California Region is defined in Attachment C to this Decree.

## III.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, Southern District of California on September 4, 2013, captioned <u>U.S. Equal Employment Opportunity Commission v. Kaiser Foundation Hospitals, aka Kaiser Permanente, et al.</u>, Case No. 13-CV-2062-MMA (WVG), (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date this Court enters this Decree ("the Effective Date").

B. Except as otherwise provided herein, the Decree shall remain in effect for two and one-half (2 ½) years after the Effective Date.

## V.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained here. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C. By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.

**JURISDICTION**

A. This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

## VIII.

## MONETARY RELIEF

A. In settlement of all monetary claims asserted in EEOC's Complaint, the Defendant shall pay a total of Seventy Five Thousand Dollars ($75,000.00). This payment shall be referred to as the "Settlement Sum," and shall be paid as follows:

 1. Defendant shall cause to be issued a payroll check to the Charging Party, David Grandin, in the gross amount of Thirteen Thousand Dollars and No Cents ($13,000), less applicable withholdings for federal and state income and employment taxes. The Parties agree that the payroll check shall be intended to compensate the Charging Party for alleged lost wages for which the EEOC sought recovery in the Lawsuit. Defendant shall pay the employer's portion of all federal, state, and local taxes, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from Charging Party's pay roll check. As such, an Internal Revenue Service ("IRS") Form W-2 shall be issued in connection with this payment; and

 2. Defendant shall cause to be issued a check in the amount of Sixty-Two Thousand Dollars and No Cents ($62,000) made payable the Charging Party, David Grandin. The parties intend that this amount compensates the Charging Party solely for alleged emotional distress for which the EEOC sought recovery in the Lawsuit. This allocation is based on the facts and representations made by the EEOC that the Charging Party suffered emotional distress as a result of the alleged conduct of Defendant. No portion of said sum is to be considered or intended to compensate the Charging Party for any loss of wages or other income. Accordingly, an IRS Form W-2 shall not be issued for this check amount, and no deductions will be made from this sum for federal or state income or employment taxes. However, an IRS Form 1099 shall be issued to the Charging Party for the Settlement Sum less the amount for which a W-2 shall be issued as indicated herein.

B. Charging Party is solely responsible for all tax obligations, including all reporting and payment obligations that may arise as a consequence of this Agreement and payment of the Settlement Sum. The Parties further acknowledge that neither Defendants nor any of its representatives or attorneys, has made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to Plaintiff pursuant to this Agreement.

1       C.     Within fifteen (15) business days of the Effective Date, Defendant shall send the Settlement checks to Charging Party via certified mail, return receipt requested. Charging Party's current address shall be supplied by the EEOC.

      D.     On the same day as when the settlement checks are sent to the Charging Party, Defendant shall submit a copy of each check and related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

## IX.

## CHARGING PARTY SPECIFIC RELIEF

Charging Party's reason for separation shall be amended to "voluntary resignation." Charging Party shall direct prospective employers to contact the Kaiser Permanente Human Resources Service Center, located in Alameda, California (1-877-457-4772). The Human Resources Service Center may contract with a third party provider to respond to reference requests. The only information that will be provided to prospective employers by the Human Resources Service Center or a third party provider are dates of employment, positions held and, if authorized in writing by the employee, the employee's last rate of pay.

## X.

## GENERAL INJUNCTIVE RELIEF

      A.     <u>Discrimination Based on Disability</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, and assigns of Kaiser Foundation Hospitals San Diego Service Area, including all ancillary facilities that comprise the San Diego Service Area (collectively referred to herein as "San Diego Service Area") are hereby enjoined from: (a) discrimination against persons on the basis of disability; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating against any employee on the basis of disability; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to employees with disabilities.

      B.     <u>Retaliation</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, and assigns of the San Diego Service Area are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under the ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a violation of the ADA; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

    A.    <u>Equal Employment Opportunity Coordinator</u>

        1.    Within thirty (30) days after the Effective Date, Defendant shall designate De-Lourdes M. Ruiz, a member of Kaiser's Southern California Disability Management Team, to serve as an Equal Employment Opportunity Coordinator ("Coordinator") to implement and monitor Defendant's compliance with the ADA and the provisions of this Decree. The Coordinator's responsibilities shall include:

            a.    Assisting Defendant in reviewing and/or revising if needed, all proposed revisions to Defendant's disability-based discrimination policies and complaint procedures and the interactive process, accommodations, and disability-based retaliation policies and complaint procedures applicable to employees of San Diego Service Area;

            b.    Assisting Defendant in reviewing and/or revising, if needed, the application and implementation of its policies prohibiting disability-based discrimination and retaliation, and to adequately engage in an interactive process in response to requests for reasonable accommodation and complaints of disability-based discrimination;

            c.    Assisting Defendant in training all San Diego Service Area-based

employees on policies and procedures relating to disability-based discrimination, retaliation and the failure to accommodate;

    d. Reviewing for accuracy and compliance with Defendant's policies all instances in which management has determined that an employee's medical restrictions cannot be accommodated in his/her current position;

    e. Ensuring that in instances in which the removal of an employee from his or her current position, either for participation in a job search or termination of employment for reasons other than exhaustion of applicable leaves of absence entitlements, has been deemed appropriate by management, the Coordinator must consult with the appropriate member of the San Diego Service Area Executive Leadership Team before permitting action regarding the employee's removal for his or her current position;

    f. Assisting Defendant in ensuring that all reports required by this Decree are accurately compiled and timely submitted; and

    g. Further ensuring compliance with the terms of this Decree as set forth herein.

  B. <u>Performance Evaluations</u>

Defendant shall hold San Diego Service Area managers, supervisors, and human resources personnel responsible for EEO compliance.

  C. <u>Distribution of Defendant's Policies Against and Complaint Procedures for Disability Based Discrimination, Failure to Engage in the Interactive Process and/or to Accommodate a Disability, and Retaliation</u>

  1. Within sixty (60) days of the Effective Date and for the duration of the Decree, Defendant shall make available on its intranet its policies against and complaint procedure for disability-based discrimination and complaint procedure, failure to engage in the interactive process and/or to accommodate a disability, and retaliation.

  2. Within sixty (60) days of the Effective Date, Defendant shall distribute a reaffirmation of its non-discrimination and job accommodation policies and complaint procedures for disability-based discrimination, failure to engage in the interactive process and/or

to accommodate a disability, and retaliation to all of its current employees in the Southern California Region.

3. In connection with the above distribution of the reaffirmation, within ninety (90) days of the Effective Date, all San Diego Service Area managers will be provided with a discussion document detailing their responsibilities with respect to disability accommodation and the interactive process and talking points for discussing disability accommodation and the interactive process with their employees. Defendant will require all San Diego Service Area managers certify to their Executive Leadership Team member that they have complied with this directive.

4. For the duration of the Decree, all employees newly hired or transferred into Disability Management jobs that involve application and/or oversight of disability accommodation policies and all employees hired, transferred or appointed to the San Diego Executive Leadership Team shall receive within thirty (30) days of hire or appointment Defendant's policies and procedures against and complaint procedure for disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and retaliation.

5. For the duration of the Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty (30) days of promotion Defendant's policies against and complaint procedure for disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and retaliation.

D. Training

1. Effective January 1, 2016 and for the remaining duration of the Decree, Defendant shall include in its Annual Compliance Trainings provided to all employees, information about the ADA and Defendant's policies against and complaint procedure for disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and retaliation for its employees.

2. Within six (6) months of the Effective Date, Defendant, with the assistance of the Coordinator, shall provide live, in-person training(s) of at least 2 hours in

duration about its policies against and complaint procedure for disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and retaliation to its Southern California Region Disability Management employees whose jobs involve application and/or oversight of disability accommodation policies and to the San Diego Service Area Executive Leadership Team members.

   3. Defendant will maintain a record of all employees who have completed Annual Compliance training.

  E. <u>Posting of Notice</u>

  Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) in each of its facilities in the San Diego Service Area that are operational during the term of the Decree.

  F. <u>Accommodation Logs</u>

   1. Defendant shall create and maintain a log of all San Diego Service Area employees who have requested a reasonable accommodation, engaged in the interactive process with Disability Management ("the Accommodation Log"), and have been placed in the alternative job search or terminated pursuant to Section X(A)(1)(e) above. The Accommodation Log shall include the following information:

    a. Employee name and nature of impairment, if disclosed by the employee;
    b. Date of the accommodation request(s);
    c. Names and job titles of all persons to whom the request for accommodation was made;
    d. Description of the accommodation(s) requested;
    e. Names and job titles of all persons involved in the interactive process;
    f. Names and job titles of all persons involved in the decision-making process regarding the request for accommodation;
    g. Accommodation(s) provided, if any;

|   |   |   |
|---|---|---|
| 1 | h. | The reason(s) for the decision to provide or refuse any accommodation. |
| 2 | i. | The reason(s) for referral to the alternative job search or termination decision; |
| 4 | j. | Names and job titles of all persons involved in or consulted about decisions to refer an employee to the alternative job search or to terminate employment; |
| 7 | k. | The date of consultation between the Coordinator and a member of the Executive Leadership Team to decide whether referral to the alternative job search or termination of employment is appropriate; |
| 10 | l. | Names and job titles of Executive Leadership Team members involved in the decision-making process; and |
| 12 | m. | Dates of any consultation with external consultants, such as the Job Accommodation Network ("JAN"), regarding reasonable accommodation of the employee's limitations, if any, and the names of those persons who participated in the consultation. |

2. Defendant shall create and maintain a log of employees whose jobs were terminated based on a decision that the employee's restrictions cannot be reasonably accommodated ("the Termination Log") for reasons other than the exhaustion of applicable leaves of absence entitlements. The Termination Log shall include the following information:

a. Employee name;
b. Date Interactive Process commenced;
c. Names and job titles of all persons involved in the interactive process;
d. Listing (and dates) of all accommodations provided;
e. The dates of the consultation(s) and names of participants who engaged in consultation(s) with external consultants such as the Job Accommodation Network ("JAN") regarding the termination decision, if any;
f. The reason for the termination decision; and

-11-

Case No.: 3:13-CV-02062-MMA-WVG

        g.      The names and job titles of all persons involved in the termination decision.

# XII.

## RECORD KEEPING, REPORTING AND PROVISION OF RECORDS TO THE EEOC

    A.    <u>Record Keeping</u>

Defendant shall work with the Coordinator to establish a record-keeping procedure that provides for the tracking of complaints about disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and retaliation in the San Diego Service Area. The records to be maintained shall include:

    1.    A listing of complaints made to Human Resources and/or Compliance regarding accommodation issues, disability discrimination issues, and/or retaliation issues.

    2.    A log of investigations into any complaint about disability-based discrimination, failure to engage in the interactive process and/or to accommodate a disability, and/or retaliation for complaining about disability-based discrimination ("the Investigations Log"). The investigation log shall include the following for each complaint during the reporting period:

        (1)    Name and job title of the complaining party or parties;

        (2)    Date and form (written, verbal, Hotline) of the complaint;

        (3)    Name and job title of the alleged offender(s);

        (5)    The nature of the complaint (i.e. comments, acts, etc.);

        (4)    Name and job title of the person(s) who conducted the investigation into the complaint;

        (6)    The date of the commencement and completion of the investigation;

        (7)    A brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

        (8)    The outcome of the investigation and any action taken; and

   (9) Whether previous disability-based discrimination and/or harassment complaints had been made regarding the alleged harasser(s)/offender(s). If so, the log should also include the outcome of the prior investigations.

 3. All documents generated in connection with any complaint (including investigations into and resolutions of) made by an employee of San Diego Service Area of disability-based discrimination, disability-based retaliation, failure to engage in the interactive process, and/or failure to accommodate a disability for the duration of the Decree;

 4. All forms demonstrating compliance with the distribution of the reaffirmation documents referenced in Section XI.D. above.

 B. <u>Reporting and Provision of Supporting Documentation</u>

Defendant shall provide the following reports to the Commission in writing, by mail, or by facsimile:

 1. Within ninety (90) days after the Effective Date and semi-annually, as applicable, for the duration of the Decree, Defendant shall submit to the Commission the following:

  a. Verification that the Notice (Attachment A) has been posted in compliance with the Decree;

  b. Verification that the reaffirmation has been distributed to all employees in the Southern California Region;

  c. Verification that the reaffirmation has been distributed to and discussed with employees in the San Diego Service Area;

  d. A copy of the reaffirmation and manager discussion document;

  e. Verification and signed acknowledgements that all applicable Disability Management employees and San Diego Executive Leadership Team members have been trained in compliance with the Consent Decree;

  f. A list of all employees verifying that all San Diego Service Area employees have completed Annual Compliance training during the reporting period;

-13-

1	g.	Verification that a record keeping system has been established for the tracking of complaints of disability-based discrimination and/or failure to engage in the interactive process and/or to accommodate a disability in the San Diego Service Area; and

h.	A copy of Defendant's training materials and schedule of training for the trainings described in Section XI (D)(2) above.

2.	Within ninety (90) days of the Effective Date, and every six months for the duration of the Decree, Defendant shall provide to the EEOC a copy of the Accommodation, Termination, and Investigation Logs as described in Section XII above.

3.	All reports under this section shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Anna Y. Park, Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Coordinator.

## XIII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.
## MISCELLANEOUS PROVISIONS

A.	During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D. The parties agree to entry of this Decree and judgment subject to final approval by this Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

**GOOD CAUSE** appearing, the Court **APPROVES** the provisions of the foregoing Consent Decree and hereby **ORDERS** compliance with all provisions thereof.

**IT IS SO ORDERED.**

Date:  October 7, 2014

_____
Hon. Michael M. Anello
United States District Judge